FILED
 2009 Mar-25  PM 03:06
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| Jackie C. Wood, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 08-G-0128-NW |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff, Jackie C. Wood, brings this action seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits. Jackie C. Wood filed an application for Social Security Benefits. Thereafter, plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a

conclusion." Bloodsworth, at 1239.  The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in reaching that decision.

The court feels compelled to comment on plaintiff's argument that 20 C.F.R. § 404.1513 defines RFC as a "medical assessment." (Pl.'s br. at 10)("As stated in the Commissioner's own regulations, RFC is a 'medical assessment.' *See* 20 C.F.R. § 404.1513 (c), (d)."). The current version of the regulation cited is titled "Medical and other evidence of your impairments" and does not contain the phrase "medical assessment." The most recent version of § 404.1513 to contain the phrase "medical assessment" was the 1991 version. Additionally, plaintiff's argument that "there is no medical evidence of record which supports the ALJ's RFC assessment from any phycisians" is unpersuasive. Id. Dr. Woodfin's report contains the following: "Speech and hearing, travel and dexterity are unaffected. There are no stated physical limitations regarding lifting and carrying, sitting, being on his feet, or walking." Record 179 (emphasis added). Plaintiff may disagree with Dr. Woodfin's assessment, but it provides substantial evidence to support the ALJ's RFC determination. Accordingly, the decision of the Commissioner must be affirmed.

A separate order in conformity with this memorandum opinion will be entered.

DONE and ORDERED 25 March 2009.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.